**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NASSER B. ALSAYED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO.: 1:12-cv-04393-CAP |
| | ) |
| CITIMORTGAGE, INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants CitiMortgage, Inc. ("CMI") and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants") respectfully submit this reply in support of their motion to dismiss Plaintiff's Complaint with prejudice for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### I.   INTRODUCTION

Plaintiff's claims for breach of contract, fraud, promissory estoppel and wrongful foreclosure all fail because the agreement or promise Plaintiff alleges CMI breached was a promise to postpone or halt a foreclosure sale. Under clear Georgia law, such promises must be in writing, and if they are not, they are unenforceable under the Statute of Frauds. Here, the allegations of the Complaint demonstrate that the alleged promises to postpone a foreclosure sale were oral, and

not in writing. Accordingly, the alleged promise violates the Statute of Frauds.

As an initial matter, Plaintiff attempts to supplement his Complaint by submitting an affidavit in support of his response to Defendants' motion to dismiss that asserts a number of additional alleged facts in support of his claims. However, Plaintiff may not amend his Complaint by asserting new facts in response to a motion to dismiss. Therefore, Plaintiff's affidavit is improper and should not be considered by the Court.

Moreover, in his response to the Motion to Dismiss (the "Motion"), Plaintiff primarily attempts to distinguish the cases cited by Defendants for the proposition that the alleged agreement or promise is unenforceable. However, Plaintiff's distinctions are immaterial and fail to address the applicable and persuasive holdings of those cases.

For the reasons set forth in the Motion and below, Plaintiff fails to state a claim under Federal Rule 12(b)(6) and his Complaint should be dismissed as a matter of law.

## II.   ARGUMENT

### A.   PLAINTIFF'S ATTEMPT TO AMEND HIS COMPLAINT BY SUBMITTING AN AFFIDAVIT WITH HIS RESPONSE IS IMPROPER.

In support of his Response to the Motion, Plaintiff filed an affidavit in an

attempt to supplement the allegations of his Complaint and bolster his claims. However, to the extent the affidavit contains facts not alleged in the Complaint, this Court may not consider such facts. It is well-settled that a party may not seek to amend their complaint by introducing additional facts and evidence in opposition to a motion to dismiss. *See, e.g. Edward v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 132451, at *47-48 (Aug. 2, 2012), adopted in part and rejected in part by 2012 U.S. Dist. LEXIS 132147 (N.D. Ga., Sept. 14, 2012) (citing cases, including *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993) (a court is required to accept the facts as set forth in the complaint as true and limit its consideration to the pleadings and exhibits attached thereto)); *see also Kipperman v. Onex Corp.*, 2006 U.S. Dist. LEXIS 96944, at *35 (N.D. Ga. Sept. 15, 2006) (refusing to consider affidavit submitted in connection with motion to dismiss where neither party requested that motion to dismiss be converted to motion for summary judgment).

However, even if the Court were to consider the additional facts contained in the affidavit, Plaintiff's claims still fail as a matter of law.

**B.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.**

Plaintiff's breach of contract claim fails as a matter of law for the simple reason that Plaintiff cannot show that any enforceable agreement ever existed

between the parties to modify Plaintiff's loan or postpone foreclosure. *See generally,* Compl. First, the agreement to postpone foreclosure is barred by the Statute of Frauds. Second, Plaintiff's claim that the parties entered into an agreement to delay foreclosure during the modification review fails for lack of consideration. Therefore, Plaintiff's failure to allege an enforceable agreement is fatal to his breach of contract claim.

### 1. Any Alleged Agreement to Postpone Foreclosure is Unenforceable Because it Does Not Satisfy the Statute of Frauds.

As demonstrated in the Motion, any alleged agreement to postpone foreclosure was not in writing, and therefore, such an agreement is unenforceable under the Statute of Frauds. However, Plaintiff attempts to distinguish the case law cited by Defendants in an effort to remove the alleged promise from the Statute of Frauds. Plaintiff also argues that the partial performance exception to the Statute of Frauds applies. Both of these arguments lack merit.

      a.   *The Alleged Promise is Unenforceable Under the Statute of Frauds.*

Under Georgia law, "[a]ny commitment to lend money" is unenforceable unless it is "in writing and signed by the party to be charged therewith . . . ." O.C.G.A. § 13-5-30(7). As demonstrated in the Motion, a promise to postpone a foreclosure is a promise that must be in writing to satisfy the statute of frauds. *Vie*

*v. Wachovia Bank*, 2012 U.S. Dist. LEXIS 48782, at *10 (N.D. Ga. Apr. 6, 2012) (citing *Allen v. Tucker Fed. Bank*, 236 Ga. App. 245 (1998) (applying O.C.G.A. § 13-5-30(7) to an agreement to reinstate or refinance mortgage)).  In *Vie,* the court held that "any agreement . . . to suspend foreclosure falls squarely within the state of frauds." *Id.* at *10.  Accordingly, the court dismissed the plaintiff's breach of contract claim because the plaintiff failed to allege that any such agreement was in writing. *Id.*; *see also Merceron v. Bank of N.Y. Mellon Trust, N.A.*, 2012 U.S. Dist. LEXIS 116544, at *12 n.5 (N.D. Ga. Aug. 7, 2012) ("oral and unwritten agreements regarding any commitment to lend money or any interests in lands **-** to include reinstating a mortgage, refinancing a mortgage, **or forbearing from foreclosure proceedings -** are unenforceable under the Georgia Statute of Frauds." (emphasis added)).

Plaintiff's attempt to distinguish both *Vie* and *Merceron* are unavailing. With respect to *Vie*, Plaintiff argues that *Vie* is inapposite because here, the property is Plaintiff's residence whereas in *Vie*, it was a rental property.  Dkt. 12 at 11.  Plaintiff also argues that his allegations regarding the alleged promise not to foreclose were more specific than the allegations in *Vie*: the *Vie* plaintiff merely alleged that "someone" told her the bank would not foreclose, whereas Plaintiff alleges that Diane Hamberger with CMI made this promise.  *Id.*

Neither of these purported factual distinctions is relevant here. Regardless of what type of property was involved (residence or rental), and regardless of whether the identity of the promisor is specifically alleged (Ms. Hamberger or "someone"), the promise at issue is one that must be in writing under the Statute of Frauds. Here, the alleged promise not to foreclose was not in writing, and therefore, it is unenforceable.[1]

With respect to *Merceron*, Plaintiff's attempt to distinguish this case is similarly unsuccessful. Plaintiff argues that *Merceron* is distinguishable because there, the court held that it was unreasonable for the plaintiffs there to rely on any promise that a foreclosure would not occur. Dkt. 12 at 12. Plaintiff argues that by contrast, here, he allegedly was told by Ms. Hamberger twice that the foreclosure would be cancelled, such that his reliance was therefore reasonable. *Id.*

Again, Plaintiff misses the point. The portion of the case quoted by Plaintiff is part of the *Merceron* court's analysis of the plaintiff's promissory estoppel claim. Reasonable reliance is an element of such a claim. 2012 U.S. Dist. LEXIS

---

[1] While Plaintiff asserts that the letters from CMI attached to his Complaint as Exhibits J, K, M and N constitute evidence of a "written" modification agreement, Plaintiff's description of the letters is simply inaccurate. None of the cited letters contain any offer or agreement by CMI to postpone foreclosure or to modify Plaintiff's loan. Accordingly, contrary to Plaintiff's assertion, these letters do not constitute any written agreement between the parties.

116544, at *11.  The district court judge concluded that the plaintiffs' promissory estoppel claim failed because their reliance on the defendant's statement that "no foreclosure . . . was imminent" was not reasonable.  *Id.* at *11-12.  However, in addition to dismissing the promissory estoppel claim on this ground, the court also noted in footnote 5 that the alleged statement or promise was **also** unenforceable because oral and unwritten agreements regarding any commitment to lend money or any interests in lands - to include reinstating a mortgage, refinancing a mortgage, **or forbearing from foreclosure proceedings -** are unenforceable under the Georgia Statute of Frauds."  *Id.* at *12 n.5 (emphasis added).  Plaintiff's reliance argument ignores that the *Merceron* plaintiff's claims regarding the alleged promise to forbear from foreclosure failed for the additional reason that the promise was unenforceable under the Statute of Frauds.

Accordingly, Plaintiff's attempt to distinguish *Merceron* is ineffective because regardless of whether reliance was reasonable, CMI's alleged promise not to foreclose is fundamentally unenforceable under the Statute of Frauds.  *Id.*

      b.    *Plaintiff's Submission of Documents Was Not Partial Performance.*

Plaintiff argues that the alleged contract is not unenforceable under the Statute of Frauds because he partially performed the alleged contract.  Specifically, Plaintiff alleges that he agreed to provide a complete modification application and

7

in exchange, CMI alleged agreed to halt the scheduled foreclosure sale. Dkt. 12 at 13. Plaintiff argues that because he allegedly submitted a complete modification application, he partially performed the alleged contract, and therefore, under O.C.G.A. §§ 13-5-31(2) and (3). This argument lacks merit for two reasons.

First, as discussed in the Motion and below, there was never any agreement that CMI would postpone the foreclosure in exchange for the submission of documents. Indeed, some of the written correspondence from CMI to Plaintiff clearly state that the submission of documents will not halt foreclosure or other collection activities. *See* Exhibit 2; Exhs. M and N to Compl.

Second, Plaintiff's partial performance argument also fails because Plaintiff does not allege sufficient facts in the Complaint to support this argument. "Georgia courts require a showing that the part performance resulted in a benefit to one party and a detriment to the other, **so as to have been consistent with the presence of a contract and inconsistent with the lack of a contract**." *Wessinger v. Spivey (In re Galbreath)*, 286 B.R. 185, 200 (Bankr. S.D. Ga. 2002) (quoting *Hudson v. Venture Indus.*, 243 Ga. 116, 118, 252 S.E.2d 606, 608 (Ga. 1979) (internal citations and quotations omitted, emphasis added).

Here, the alleged partial performance is Plaintiff's submission of a loan modification application. This conduct is not in any way inconsistent with the lack

of a contract. Borrowers frequently submit applications for loan modifications without any agreement to postpone collection efforts, such as foreclosures. Accordingly, while Plaintiff's submission of documents may be consistent with the alleged agreement to postpone the foreclosure, Plaintiff's actions are not inconsistent with the lack of such an agreement. *See Stoker v. Bellemeade, LLC*, 272 Ga. App. 817, 821 (2005), *rev'd on other grounds*, *Bellemeade, LLC v. Stoker*, 280 Ga. 635 (2006). (development of some parcels not inconsistent with lack of agreement to develop an entire group of parcels); *Rose v. Cain*, 247 Ga. App. 481, 484 (2001) (possession and monthly rent payments by purported buyer not inconsistent with lack of a contract to sell property); *Studdard v. George D. Warthen Bank*, 207 Ga. App. 80 (1993) (lending $ 40,000 was not inconsistent with lack of a contract to lend $ 120,000).

Plaintiff also argues that his decision to forego filing a bankruptcy petition is partial performance. However, this cannot constitute partial performance or consideration for the alleged contract because there are no allegations in the Complaint to show that Plaintiff ever raised the possibility of filing bankruptcy with CMI, let alone offered to forego bankruptcy protection in exchange for CMI's agreement to forbear from foreclosure. *See generally* Compl. Nor is there any allegation that CMI agreed to accept any such offer in exchange for halting the

foreclosure, either orally or otherwise. *See generally id.* Accordingly, Plaintiff's argument that the Statute of Frauds does not apply because he partially performed any purported agreement fails as a matter of law.

### 2. Any Alleged Forbearance Agreement Is Unenforceable For Lack Of Consideration.

Plaintiff's allegation that there was an agreement between himself and CMI to postpone foreclosure fails for lack of consideration. As discussed in the Motion, under Georgia law, agreements to forbear from foreclosure are unenforceable for lack of consideration. *McGowan v. Homeward Residential, Inc.*, No. 12-10426, 2012 U.S. App. LEXIS 25227, at * 6 (11th Cir. Dec. 11, 2012); *see also Adams v. JPMorgan Chase Bank*, 2011 WL 2532925, at *6 (N.D. Ga. June 24, 2011).

Plaintiff's argument that his submission of documents constituted valuable consideration for CMI's alleged promise not to foreclose lacks merit. As demonstrated by CMI's written correspondence with Plaintiff, CMI expressly informed Plaintiff that his submission of documents in connection with a modification application would not operate to stop foreclosure proceedings. *See*

Exhibit 2 (letter from CMI dated October 10, 2012); *see also* Exhs. M and N to Compl.[2]

### C. PLAINTIFF'S FRAUD CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's fraud claim also fails because he does not allege an actionable misrepresentation. For the reasons discussed in the Motion and in detail above, a promise that is unenforceable under the Statute of Frauds cannot form the basis of a fraud claim. *See Vie*, 2012 U.S. Dist. LEXIS 48782, at *10; *McGowan v. Homeward Residential, Inc.*, 2012 U.S. App. LEXIS 25227 (11th Cir. Dec. 11, 2012) (holding that claim for fraud based on alleged promise not to foreclose failed as a matter of law because such a promise was unenforceable).[3]

### D. PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's promissory estoppel claim is similarly flawed. Plaintiff fails to allege an enforceable promise, as discussed above. *Supra* Section II.B; *see also Jackson v. Ford*, 252 Ga. App. 304, 308 (2001) (holding that a promise which

---

[2] *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (holding that when documents attached to the complaint contradict the general and conclusory allegations of the complaint, the documents govern).

[3] Moreover, to the extent Plaintiff attempts to bolster the allegations regarding the alleged misrepresentations by citing to his Affidavit (*see* Dkt. 12 at 16-17), such testimony is improper in response to a Motion to Dismiss and should be disregarded. *Supra* Section II.A.

could not support breach of contract allegations was also too vague and indefinite to sustain a promissory estoppel claim). Therefore, this claim fails.

### E. PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM FAILS AS A MATTER OF LAW.

Plaintiff's wrongful foreclosure claim is based on his allegation that CMI breached an oral promise not to foreclose. *See* Compl. ¶ 94. Plaintiff does not allege there were any irregularities in the foreclosure process. *See generally, id.*

As discussed above in relation to Plaintiff's breach of contract claim, Plaintiff fails to show the existence of an enforceable agreement obligating CMI to abstain from exercising its right to enforce the Security Deed through foreclosure. The alleged promise or agreement is unenforceable under the Statute of Frauds.

Additionally, in their Motion, Defendants cited *Mills v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 135752, at *17 (N.D. Ga. July 23, 2012), adopted by, dismissed by, *Mills v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 135750 (N.D. Ga., Aug. 14, 2012)(Carnes, J.), which held that even if there was an oral promise not to foreclose, such a promise would not provide a basis to rescind a foreclosure sale where the foreclosure sale was properly advertised and noticed. Defendants also quoted *Mills* for the proposition that "promises [to postpone foreclosure] are not binding and are unenforceable where not

accompanied by contract requirements of mutuality, certainty, or consideration." *Id.* at 24.

While Plaintiff attempts to distinguish *Mills* by arguing that the elements of mutuality, certainty or consideration are present here, Plaintiff again misses the point.  While the lack of mutuality, certainty or consideration provided an additional basis for court's dismissal of the *Mills* plaintiff's wrongful foreclosure claim, Plaintiff fails to even address the main point for which *Mills* is cited, which is that there is no authority:

> indicating that a creditor's failure to honor its oral assurances that it would not go forward with a foreclosure sale constitutes a basis for setting aside the foreclosure sale or wrongful foreclosure when the creditor sent written notice and advertised the foreclosure sale in a manner that complied with the statutory requirements for notice within O.C.G.A. § 9-13-140 and O.C.G.A. § 44-14-162 *et seq.*

*Id.* at 17.  Accordingly, even if there was a promise not to foreclose, a failure to honor such a promise does not state a claim for wrongful foreclosure where the foreclosure was otherwise proper as a matter of law.

Moreover, Plaintiff's argument that mutuality and consideration are present here fails for all of the reasons discussed above.  Specifically, CMI clearly communicated to Plaintiff that the submission of documents did not constitute consideration for postponing any collection activity, including foreclosure.  *See* Exhibit 2 (letter from CMI dated October 10, 2012); *see also* Exhs. M and N to

Compl. Moreover, there was no mutuality regarding Plaintiff's alleged decision not to pursue bankruptcy protection as there are no allegations anywhere in the Complaint showing that Plaintiff offered to forego such action and that CMI accepted that offer. *See* Compl.

For all of these reasons, Plaintiff's wrongful foreclosure claim fails as a matter of law.

### E. PLAINTIFF'S WRONGFUL DISPOSSESSORY CLAIM FAILS AS A MATTER OF LAW.

In his response, Plaintiff concedes that his wrongful dispossessory claim is entirely derivative of his wrongful foreclosure claim. Dkt. 12 at 26-27 ("Plaintiff contends that, if the foreclosure was wrongful, then the dispossessory must, too, be wrongful.") Accordingly, this claim fails for the reasons discussed above. *See supra* Section B.

### F. PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT ALSO FAILS AS A MATTER OF LAW.

Plaintiff's declaratory judgment claim fails to the extent it relies on the meritless assertion that Defendants violated an alleged agreement to postpone foreclosure. *See* Compl. ¶ 45. As discussed above, any such alleged agreement or promise is unenforceable.

## IV. **CONCLUSION**

For the reasons set forth above and discussed in the Motion to Dismiss, Defendants move the Court to dismiss Plaintiff's Complaint with prejudice.

Dated: May 2, 2013
　　　　　　　　　　　　　　*/s/ Christopher J. Willis*
　　　　　　　　　　　　　　Christopher J. Willis, Ga. Bar No. 766297
　　　　　　　　　　　　　　willisc@ballardspahr.com
　　　　　　　　　　　　　　Sarah T. Reise, Ga. Bar No. 181567
　　　　　　　　　　　　　　reises@ballardspahr.com
　　　　　　　　　　　　　　BALLARD SPAHR LLP
　　　　　　　　　　　　　　999 Peachtree Street, Suite 1000
　　　　　　　　　　　　　　Atlanta, GA 30309
　　　　　　　　　　　　　　Telephone: 678.420.9300
　　　　　　　　　　　　　　Facsimile: 678.420.9301

　　　　　　　　　　　　　　*Counsel for Defendants CitiMortgage, Inc. and Federal National Mortgage Association.*

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1.

Dated:  May 2, 2013                          */s/ Christopher J. Willis*
                                             Christopher J. Willis, Ga. Bar No. 766297

                                             *Counsel for Defendants CitiMortgage,*
                                             *Inc. and Federal National Mortgage*
                                             *Association.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a copy of DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS with the Clerk of Court using the CM/ECF system and served it upon the following parties by U.S. Mail, postage prepaid:

Glen Johnson
Law Offices of Edwards & Johnson, LLC
270 E. Main Street, Suite C
Canton, GA  30114
*Counsel for Plaintiff*

Date: May 2, 2013                    */s/ Christopher J. Willis*
                                      Christopher J. Willis, Ga. Bar No. 766297

                                     *Counsel for Defendants CitiMortgage,
                                     Inc. and Federal National Mortgage
                                     Association.*